IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN MANKUS      :
         Plaintiff,      :
               :
v.      :      NO. 02-3425
               :
SWAN REEFER I A/S      :
         Defendant.      :

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION *IN LIMINE*** 

      Defendant Swan Reefer I A.S., by its attorneys, Rawle & Henderson, hereby responds to plaintiff's Motion *In Limine* as follows:

      1-4.    It is only admitted that the settlement conference scheduled for January 13, 2003 was cancelled. The remaining allegations contained in paragraphs 1 through 4 are denied since they are argumentative, one-sided complaints that are irrelevant to the issues raised in plaintiff's Motion *In Limine*.

      5-6.    It is only admitted that defendant filed a Motion for Summary Judgment on January 17, 2003, plaintiff filed his Opposition on February 6, 2003 and defendant filed a Reply on February 24. The remaining allegations in paragraphs 5 and 6 are denied. The suggestion that defendant's Motion for Summary Judgment is a *pro forma* Motion that lacks merit is flatly denied and, to the contrary, based on the controlling caselaw that defines a vessel owner's and a stevedore-employer's duties and obligations, defendant Swan Reefer is entitled to judgment in its favor.

      7-11.    It is admitted that defense counsel had to call plaintiff's counsel to solicit a settlement demand and, eventually, a demand for $4.5 million was received. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraphs 7 through 11 since defendant has no knowledge regarding the activities or beliefs of plaintiff's counsel or any settlement recommendations provided by unidentified "claims persons." Furthermore, all of these allegations are denied as argumentative, one-sided statements that are irrelevant to the issues raised in plaintiff's Motion *In Limine*.

12. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied as stated. It is admitted only that defense counsel requested a short continuance for the sole purpose of having the case mediated and hopefully resolved. Plaintiff's counsel was advised that the defendant sought the mediation based on a good faith desire to reach an amicable settlement.

13. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied as stated. It is admitted only that plaintiff's counsel suggested certain "parameters," i.e. that he thought the settlement value of the case was between $1.5 million and $4.5 million. However, plaintiff's counsel was specifically advised that the proposed mediation was not a high/low arbitration, and that defense counsel would not agree to any binding pre-mediation "parameters."

14. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied.

822121 v.1

Defense counsel contacted the mediator and advised him of the differences that existed between the parties regarding the valuation of the case.

15. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied. The mediator was advised of the differences of opinion as to the settlement value of the case. The term "parameters" was not used since it had no meaning or relevance in the context of a mediation and, additionally, since plaintiff's counsel was specifically advised that defendant would not agree to a "floor" of $1.5 million.

16. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied. Upon being asked to confirm the "parameters," defense counsel responded that he would not agree to a $1.5 million floor and that the parties were scheduling a mediation, not a high/low arbitration; plaintiff's counsel was also advised that plaintiff had the sole authority to accept or reject a settlement or recommendation of the mediator.

17. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied as stated. Defendant does not know what the mediator told plaintiff's counsel in the telephone call

3

but, assuming the mediator told plaintiff's counsel he had never been told of any parameters, this would be totally consistent with defendant's position that there never were any "parameters" agreed to with regard to the mediation and that such "parameters" were only "settlement posturing" by plaintiff's counsel.

18. These allegations are objected to as being totally irrelevant to the matters at issue regarding the admissibility of defendant's proposed evidence; the allegations are not a true and accurate representation of the developments surrounding the mediation which was held in this case. However, not in derogation of the foregoing objection, the allegations are denied as stated. It is admitted that there was no mention of any "parameters" at the mediation because there was never any agreement to such "parameters." It also is admitted that defendant made an initial settlement offer of $500,000.00. Plaintiff's counsel's decision to terminate the mediation at that point showed plaintiff's counsel's lack of good faith in the mediation process.

19. It is admitted that defendant promptly disclosed the existence of the surveillance videotapes after the surveillance had been conducted.

20. Denied. Under the law, defendant has a right to depose the plaintiff to question him about his observed activities before it produces the videotapes. As soon as plaintiff is deposed regarding his recent activities, defendant will produce the surveillance videotapes and plaintiff's counsel can conduct any appropriate discovery that he deems necessary regarding those tapes. There is sufficient time before trial for plaintiff's counsel to accomplish this discovery; trial is not scheduled until June 30, 2003.

21. It is admitted that Dr. Staller's report was produced to plaintiff's counsel on April 30, 2003. However, the facts supporting Dr. Staller's opinions were known and available to plaintiff's counsel prior to the close of discovery and, in fact, were used and

reviewed by plaintiff's own expert; there are no "surprises" or conclusions in the report that plaintiff's economic expert cannot address.

22. Denied. Plaintiff's counsel has sufficient time to analyze Dr. Staller's report and depose him if he chooses to do so. Therefore, plaintiff has suffered no prejudice.

23. It is admitted that defense counsel promptly produced a videotape that depicts the discharge of refrigerated cargo containers from the M/V TUNDRA PRINCESS, a sister ship to the M/V TUNDRA TRADER. The tape was obtained on April 24, 2003, and was produced on April 30, six days later.

24. Denied. Plaintiff's counsel can conduct any appropriate discovery pertaining to the contents of the videotape and he has sufficient time to conduct that discovery. Plaintiff's argument that the tape "depicts an operation which is not at all similar to the operation involved in this case" is flatly denied. The videotape contains demonstrative evidence that will help the jury understand the equipment/operation at issue and defendant will establish the relevance and reliability of the tape at the time of trial.

26-27. Admitted. However, it would be prejudicial and unfair to preclude the presentation of evidence in this case due to the technical violation of certain deadlines when plaintiff has suffered no prejudice.

28. Denied. Plaintiff has sufficient time to conduct any discovery he believes is necessary with regard to defendant's proposed trial evidence. Plaintiff cannot show any prejudice whatsoever with admission of the proposed evidence because plaintiff's counsel has more than 30 days to conduct any discovery that is required. Plaintiff's counsel cannot be permitted to create "prejudice" by refusing to undertake the discovery he deems necessary to avoid prejudice.

WHEREFORE, defendant Swan Reefer I A.S. respectfully requests that this Court deny plaintiff's Motion *In Limine* in its entirety.

                              RAWLE & HENDERSON LLP

                              By:_____
                                  Carl D. Buchholz, III
                                  Michael P. Zipfel
                                  Attorneys for Defendant,
                                  Swan Reefer I A/S

                                  The Widener Building
                                  One South Penn Square
                                  Philadelphia, PA   19107
                                  (215) 575-4200

Dated:  May 22, 2003

822121 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MANKUS | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-3425 |
| | : | |
| SWAN REEFER I A/S | : | |
|       Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

## I. RELEVANT FACTS

      Despite plaintiff's counsel's continued inappropriate personal attacks on defense counsel, defendant Swan Reefer I A.S. and its counsel, at all times, have acted in good faith in connection with the progress of discovery, the identification and production of pretrial materials and in their efforts to settle this case. Although there may have been some technical violations of the deadlines established by the Court, defendant has not deliberately avoided its discovery obligations or caused the plaintiff any prejudice. In particular, plaintiff's counsel has ample time to review and evaluate the materials produced by defense counsel and his efforts to preclude highly relevant evidence based on technical violations of certain deadlines is, in reality, an effort to prevent a full and fair evaluation of this matter by the jury and the Court.

## II. ARGUMENT

### A.    Surveillance Videotapes

      As plaintiff points out in his Motion, surveillance videotapes that depict the plaintiff's activities were obtained on March 19 and April 2, 2003. However, the surveillance videotapes were not provided to and/or seen by the undersigned defense counsel until April 17;

822121 v.1

the existence of those videotapes was disclosed to plaintiff's counsel 13 days later, on April 30. Therefore, the existence of the videotapes was revealed in a prompt manner and, pursuant to the holding in Snead v. American Export – Isbrandtsen Lines, Inc., 59 F.R.D. 148 (E.D.Pa. 1973), the defendant does not have an obligation to produce the tapes until the plaintiff is presented for a deposition so defense counsel can question him about his recent activities.

In Snead, the Court addressed when and under what circumstances a defendant must produce surveillance videotapes. The Court stated that "any rule to be formulated . . . must balance the conflicting interests of the plaintiff against the conflicting interests of the defendant and protect both insofar as it is possible to do." Id. at 151. The Court went on to hold that before surveillance videotapes are produced, "the defense must be given an opportunity to depose the plaintiff fully as to his injuries, their effects and his present disabilities." Id. at 151. Thereafter, the tapes must be produced if they are going to be used during the trial. Id. The Court went on to state that "[a]ll of this should take place as close to the time of trial as possible, but before the final pretrial conference." Id. at 151.

In his Brief, plaintiff cites a case in which suggests that a defendant should turn over surveillance tapes six weeks before the deadline for pretrial memoranda. If surveillance videotapes have been in the possession of a defendant for many months or years, then this ruling makes sense and shows a balancing of the parties' interests. However, none of the cases cited by the plaintiff holds, or even suggests, that a defendant must cease surveillance activities weeks or months before a trial take place. Of course, such a rule would inappropriately prejudice the defendant and, in many cases, would prevent a full and fair presentation of evidence regarding the plaintiff's true physical abilities.

In this case, the undersigned counsel for defendant did not receive and/or view the surveillance videotapes until April 17; the existence of those surveillance tape were disclosed to plaintiff on April 30.  Furthermore, as soon as the plaintiff is presented for a deposition so defense counsel can question him about his recent activities, the videotapes will be produced.  At that point, plaintiff's counsel will have sufficient time to conduct any discovery regarding the tapes that is appropriate.

B.   **Report of Dr. Staller**

"[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."  In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 791 (3d Cir. 1994), cert. denied, 513 U.S. 1990 (1995), quoting Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894, 905 (3d Cir. 1977).  The factors to be considered when the exclusion of evidence has been requested are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

Id. at 721, quoting Meyers, 559 F.2d at 904.

In this case, plaintiff cannot and has not demonstrated that he will suffer prejudice from the identification of Dr. Staller as an expert witness.  All of the factual information discussed in Dr. Staller's report was identified before the close of discovery and plaintiff has his own expert who reviewed the same evidence.  Furthermore, if plaintiff wishes to conduct

discovery regarding Dr. Staller's opinions, he has time to do so. Under these circumstances, there is no basis to enter an extreme sanction by precluding the testimony of Dr. Staller.

### C. Videotape of Containers Aboard M/V TUNDRA PRINCESS

As indicated in plaintiff's Motion, a videotape of refrigerated containers being discharged from the M/V TUNDRA PRINCESS, the sister vessel to the M/V TUNDRA TRADER, was taken on April 24, and the tape was produced to plaintiff's counsel on April 30, six days later. Clearly, this does not qualify as a flagrant disregard of any court order or anything other than the defendant's good faith effort to disclose trial exhibits.

The presentation of this videotape will greatly assist the jury and the Court as evidence is presented regarding the containers in question, the container pole, the location of the refrigeration cords and the method of discharge used by the longshoremen. Furthermore, plaintiff's counsel has sufficient time to conduct appropriate discovery pertaining to the videotape. In fact, if one of the parties requested a view of the TUNDRA TRADER during the trial and such an inspection were convenient and possible, the request would not be denied. Therefore, the identification of demonstrative evidence now, weeks before trial, is certainly not prejudicial.

Plaintiff's argument that the discharge operation depicted on the videotapes is not substantially similar to the discharge operation aboard the M/V TUNDRA TRADER is denied and defendant will establish the relevance and reliability of the tape at the time of trial. At the very least, plaintiff's counsel should be required to conduct the deposition of the individual taking the surveillance tape and then prove to the court that the tape is somehow misleading, was staged, or does not show material relevant to the discharge operation aboard the M/V TUNDRA

TRADER at the time of plaintiff's alleged accident. The fact of the matter is that precluding this evidence would prevent a full and fair review understanding and review of this case by the jury.

## III.     CONCLUSION

Based on the foregoing, defendant Swan Reefer I A.S. respectfully requests that this Court deny plaintiff's Motion *in limine* in its entirety.

                                        RAWLE & HENDERSON LLP

                                        By:_____
                                              Carl D. Buchholz, III
                                              Michael P. Zipfel
                                              Attorneys for Defendant,
                                              Swan Reefer I A/S
                                              The Widener Building
                                              One South Penn Square
                                              Philadelphia, PA   19107

Dated: May 22, 2003                      (215) 575-4200

822121 v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MANKUS | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-3425 |
| | : | |
| SWAN REEFER I A/S | : | |
| Defendant. | : | |

## ORDER

AND NOW, this            day of                     , 2003 upon consideration of plaintiff's Motion *In Limine* and Defendant's Response, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____
J.

822121 v.1

**CERTIFICATE OF SERVICE**

I, Michael P. Zipfel, Esquire, do hereby certify that a copy of the foregoing Response of Defendant to Plaintiff's Motion *In Limine* has been served via first class mail, postage pre-paid to the following of record:

> Alfred Smith, Esquire
> Alfred Smith & Associates
> 1333 Race Street, 2nd Floor
> Philadelphia, PA 19107
> ***(Attorneys for Plaintiff Stephen Mankus)***
>
> A. Robert Degen, Esquire
> FOX, ROTHSCHILD, O'BRIEN & FRANKEL
> 2000 Market Street, Tenth Floor
> Philadelphia, PA 19103-3291
> ***(Attorneys for Defendant Swan Reefer I A.S.)***

> _____
> Carl D. Buchholz, III, Esquire

Dated: May 22, 2003

822121 v.1