UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------

STEPHEN MANKUS          :
                    :
                    :
                    :
        v.           :    No. 02-3425
                    :
                    :
SWAN REEFER I, A.S.     :

---------------------------------------

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION IN LIMINE**

I.    **The relevance of the mediation agreement**

Trial in this case was scheduled to begin on March 24, 2003, and plaintiff was diligently preparing for trial when defense counsel called and requested agreement to a 45-day continuance, which plaintiff's counsel refused.

The agreement to a 30-day continuance and the condition for this and the mediation are quite relevant to the issue before the Court.  Without this continuance defendant would not have been able to develop this evidence.

Attached as Exhibit "1" is a copy of a letter sent to defense counsel on the day the discussions were held, and it sets forth the agreements reached by counsel.  One such agreement is the parameters for the mediation, to which defense counsel had

agreed and which formed the basis for plaintiff's counsel's agreement to a 30-day continuance, the mediation and the identity of the mediator.

The mediation was put off until April 17, 2003 because of the unavailability of defendant's client.  Another effort was made to further put off the mediation, but plaintiff's counsel refused to agree to this.

II. **The videotapes**

Defendant's response for the first time indicates that defendant will not surrender the videotapes without first deposing the plaintiff concerning his "recent" activities.

This means that plaintiff's counsel must set aside one day for plaintiff's preparation and deposition and another day for the deposition of the person who took the videotapes.

Plaintiff's counsel must also make the videotape available to the doctor who will testify to the medical aspects to determine if the activities portrayed are inconsistent with the testimony she will give.  Plaintiff's counsel does not know her availability, but it is difficult to get any appointment with a doctor these days.

The foregoing means that several days would be have to be devoted to discovery issues which should have been taken care of before December 24, 2002, when discovery closed.  The Court's Scheduling Order says that discovery after that date may be undertaken by agreement, so long as it does not interfere with preparation for trial.  The agreement of plaintiff's counsel for any further discovery has not been requested.

Plaintiff's preparation for trial will be severely prejudiced if counsel must drop everything else and deal with something now which should have been done, if at all, months ago.

III. **Dr. Staller's report**

To prepare to cross-examine Dr. Staller, plaintiff's counsel must first get a list of lawyers who have had experience with Dr. Staller from the Philadelphia Trial Lawyers Association.  Then he must write to each of them and ask for whatever they have by why of transcripts and reports.  The answers normally take 2-3 weeks to obtain.  Counsel then must decide what he wants from the responses and request it.  It normally takes 2-3 weeks to get copies of the transcripts.  Then the transcripts have to be reviewed and analyzed.

Plaintiff's counsel also has to research the material in Dr. Staller's report and set aside one day to depose him.  In all likelihood plaintiff's counsel would then want to review the material with his own expert.

The foregoing cannot be completed before trial, and the interruption comes right in the middle of trial preparation.

Plaintiff's trial preparation would be severely prejudiced by this intrusion, and this is not fair since the Scheduling Order called for this report to be produced by December 4, 2002.

III. **<u>The videotape</u>**

Plaintiff's understanding of the videotape is incomplete, and the tape can only be understood by taking the deposition of the person who orchestrated it.  Viewing it suggests that it is completely unlike the situation at the time of plaintiff's accident.  To get an explanation means more preparation time and setting aside time for the deposition and then checking the accuracy of the deposition testimony with plaintiff's witnesses.

Again, this comes in the middle of trial preparation, and it involves something that should have been disclosed before December 24, 2002.

IV.  **Conclusion**

In its response, defendant offers no explanation for why this material was not developed within the time allowed by the Court's Scheduling Order, which was ample.

The suggestion that plaintiff is not prejudiced by this late profusion of evidence is utterly untrue since trial preparation is very time-consuming because plaintiff has the burden of proof on each issue.

Defendant is guilty of more than a "technical" violation of this Court's Scheduling Order, and it gives no reason why the violation, now 5 months old occurred.

The only fair solution to the proof problem unnecessarily created by defendant is to grant Plaintiff's Motion.


Respectfully,


E. ALFRED SMITH & ASSOCIATES


_____
E. Alfred Smith
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has, on this date, caused a true and correct copy of Plaintiff's Reply to Motion In Limine to be served mail, postage prepaid, on the date listed below upon the following parties or counsel of record:

A. Robert Degen, Esquire
Fox, Rothschild, O'Brien and Frankel
2000 Market Street, 10th Floor
Philadelphia, PA 19103

Carl D. Buchholz, III, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107


_____
E. Alfred Smith
Attorney for Plaintiff
Stephen Mankus


Date: