IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MANKUS | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-3425 |
| | : | |
| SWAN REEFER I A/S | : | |
| Defendant. | : | |

### DEFENDANT'S MOTION TO BIFURCATE TRIAL

Defendant Swan Reefer I A/S, by its attorneys, Rawle & Henderson, LLP, hereby moves this Honorable Court to bifurcate the trial of this case into separate liability and damages phases and, in support thereof, avers as follows:

1. Plaintiff Stephen Mankus, a longshoreman, commenced this lawsuit against defendant Swan Reefer I A/S, the owner of the MV TUNDRA TRADER, to recover damages for personal injuries that he allegedly sustained on February 12, 2001.

2. On February 12, 2001, plaintiff was struck in the face by a container pole while he was assisting with the discharge of refrigerated cargo containers from the vessel. At the time of the accident, plaintiff was using the container pole to guide an electrical cord that was hanging down from one of the containers, as the container was being moved off the vessel with a crane.

3. As a result of the accident, the plaintiff, a 48 year old man, allegedly suffers from a permanent cognitive brain disorder and cognitive deficits. According to plaintiff's treating neuropsychologist, "[t]hese deficits will permanently interfere with his ability to learn and perform a new job. His acquisition of new information is slow and significantly weaker than his current intellectual functioning, and he requires cues and repetition to recall information."

See Report of Brenda M. Ivker, Ph.D. attached hereto as Exhibit "A." Furthermore, "plaintiff's awareness of these cognitive limitations and how they impact on his daily functioning and his future vocational options has resulted in significant emotional distress . . . ." Id. The plaintiff "feels sad and incomplete, and is depressed and anxious due to the loss of his identity as a longshoreman, his uncertainty about his future and his frustrations in trying to manage even some of his simple daily routines." Id.

    4. Plaintiff's claims against the vessel owner are governed by §905(b) of the Longshore & Harbor Workers' Compensation Act and the duties that have been recognized by the courts interpreting that statute. Therefore, the jury will hear evidence and receive instructions regarding the duties and obligations owed by a vessel owner and the duties and obligations owed by a stevedore–employer to provide longshoremen with a safe place to work. The jury will also be asked to analyze important questions pertaining to the issue of causation. As a result, the questions of liability to be decided by the jury will be complicated and will require the jury's full attention if a fair and impartial verdict is to be rendered.

    5. Defendant believes there is a significant risk that the jury will become confused and lose sight of the liability aspects of the case if it is inundated with testimony from the plaintiff, his experts and the defense experts regarding the nature and extent of plaintiff's injuries.

    6. Furthermore, if the jury hears evidence of plaintiff's injuries during the liability phase, its deliberations regarding liability may be influenced due to sympathy for the plaintiff; as a result, the defendant will be severely and irreversibly prejudiced.

    7. Rule 42(b) of the Federal Rules of Civil Procedure provides, in part that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be

811775 v.1

conducive to expedition and economy, may order a separate trial of any claim . . . ." See Fed.R.Civ.P. 42(b).

        8.      The decision to bifurcate a trial into separate phases regarding liability and damages is within the sound discretion of the trial court.  Idzojtic v. Pennsylvania R. Co., 456 F.2d 1228 (3d Cir. 1972); Corrigan v. Methodist Hospital, 160 F.R.D. 55 (E.D. Pa. 1995); Princeton Biochemicals, Inc., v. Beckman Instruments, Inc., 180 F.R.D. 254 (1997).

        9.      In light of the serious nature of plaintiff's alleged injuries, the defendant will be severely prejudiced if the jury is exposed to damages evidence before the question of liability is resolved.

        10.      The plaintiff, however, will not be prejudiced if the trial is bifurcated.

        11.      In addition, a bifurcated trial will facilitate judicial convenience and economy since the damages portion of the trial will be unnecessary if the defendant prevails on liability.

        WHEREFORE, defendant Swan Reefer I A/S respectfully requests that this Honorable Court bifurcate the trial of this matter into separate liability and damages phases.

Respectfully submitted,

RAWLE & HENDERSON, LLP

BY: _____
Carl D. Buchholz, III, Esquire
Michael P. Zipfel, Esquire
Michael C. Gallagher, Esquire
Attorney for Defendant,
Swan Reefer I A/S

The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

Date:   May 29, 2003

811775 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MANKUS | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-3425 |
| | : | |
| SWAN REEFER I A/S | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO BIFURCATE TRIAL**

**I.   FACTS**

On February 12, 2001, plaintiff Stephen Mankus allegedly suffered a traumatic head injury when he was struck in the face by a container pole, while assisting with the discharge of refrigerated cargo containers from the M/V TUNDRA TRADER. As a result of the accident, the plaintiff allegedly suffered a severe cognitive brain disorder, which has left him unable to cope with day-to-day activities and unable to remain employed. See Report of Brenda M. Ivker, Ph.D. attached hereto as Exhibit "A."

In this lawsuit, plaintiff has sued the owner of the M/V TUNDRA TRADER seeking to recover for his injuries and damages. The defendant vessel owner has filed a Motion for Summary Judgment and the briefs submitted in connection with that Motion demonstrate that there are significant questions of liability that must be decided before a calculation of damages becomes necessary or proper. For example, the jury will hear extensive testimony and will receive extensive jury instructions that pertain to the duties owed by a vessel owner and the duties owed by a stevedore-employer to provide longshoremen with a safe place to work. The jury must decide questions regarding the open and obvious nature of the alleged hazard, the

811775 v.1

stevedore's and the plaintiff's negligence and whether or not the vessel's alleged breach of duty caused the accident in question. Therefore, the questions of liability to be decided by the jury will be complicated and will require the jury's full attention and focus.

## II.     LEGAL ARGUMENT

### 1.     Standard for Bifurcation

Rule 42(b) of the Federal Rules of Civil Procedure provides, in part that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim…". Fed.R.Civ.P. 42(b). The decision to bifurcate a trial into separate phases for liability and damages is within the sound discretion of the trial court. Idzojtic v. Pennsylvania R. Co., 456 F.2d 1228 (3d Cir. 1972) ("The district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages.") (citations omitted); Corrigan v. Methodist Hospital, 160 F.R.D. 55, 57 (E.D. Pa. 1995) ("The decision to grant a separate trial is within the trial court's discretion, and is made by balancing the equities involved.")

The trial court may order bifurcation on three grounds: (1) to further convenience, (2) to **avoid prejudice**, or (3) to promote judicial economy. See Fed.R.Civ.P. 42(b) (emphasis added). Satisfying even one of the grounds mentioned in Rule 42(b) may be sufficient to warrant bifurcation. See American Nat'l. Red Cross v. Travelers Indem. Co. of Rhode Island, 924 F.Supp. 304, 306 (D.D.C. 1996) ("A court has broad discretion to choose whether to bifurcate claims in a case for separate trial, and a court may order a case bifurcated even if only one criterion from Rule 42(b) is satisfied.") (citations omitted).

811775 v.1

**2.      In order to avoid prejudice to the defendant in this case and in the interest of judicial economy, the liability and damages aspects of the trial should be bifurcated.**

Various district courts have recognized that "evidence of harm to a plaintiff, regardless of the cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." Buscemi v. Pepsico, Inc., 736 F.Supp. 1267, 1272 (S.D.N.Y. 1990), as cited in Zofcin v. Dean, 144 F.R.D. 203 (S.D.N.Y. 1992.)  For example, in Zofcin, the United States District Court for the Southern District of New York granted the defendant-manufacturer's Motion to bifurcate the trial in a personal injury case because the "introduction of evidence offered only to prove damages poses a substantial risk of impairing the jury's objectivity on the liability issue. . . ." Zofcin v. Dean, 144 F.R.D. at 205.

In this action, plaintiff Stephen Mankus allegedly suffered severe brain damage and as a result of being struck by a container pole.  The defendant does not dispute that Mr. Mankus was struck by the container pole; however, defendant does dispute that it is liable for plaintiff's alleged injuries.  If the jury hears evidence regarding plaintiff's cognitive deficits and the impact of those deficits on his daily life at the same time that it is trying to evaluate and understand the significant liability questions presented by this case, there is a real risk that: (1) the jury will lose sight of the complex legal theories pertaining to liability and become confused; and (2) as a result of sympathy for the plaintiff, the jury will disregard the questions of liability altogether.  If either or both of these situations occur, the defendant will be severely and irreversibly prejudiced.  Such prejudice is a compelling reason for bifurcating this trial into separate liability and damages phases. Kushner v. Hendon Const., Inc., 81 F.R.D. 93, 99 (M.D. Pa.), aff'd, without opinion, 609 F.2d 502 (3d Cir. 1979).

811775 v.1

The plaintiff, however, will not be prejudiced if the trial is bifurcated since the evidence that the plaintiff will introduce in an effort to establish liability is separate and distinct from the evidence that will be presented pertaining to damages.  Specifically, the liability phase will focus on the duty applicable to the vessel owner's conduct  and whether or not the defendant's actions or omissions constituted negligence.  Also, the jury must address whether the alleged negligent acts of the vessel owner caused plaintiff's injuries.  In contrast, the damages phase will focus on plaintiff's injuries, treatment, limitations, the permanent nature of the injuries, future treatment, wage loss, future wage loss, employability, etc.  The introduction of evidence pertaining to plaintiff's injuries is wholly unnecessary for the jury to make a determination as to liability.  However, if evidence regarding plaintiff's damages is submitted during the liability phase, there is great risk that the evidence will infect the jury's examination of the liability issues.

Additionally, judicial economy will be served by bifurcating the trial since the damages  phase will not have to be tried if the jury finds in favor of the defendant on liability.  Furthermore, if the jury finds against the defendant as to liability, the parties will have an opportunity to explore settlement without proceeding to the damages phase.

## III. CONCLUSION

For all of the foregoing reasons, and those set forth in Defendant's Motion to Bifurcate Trial, defendant Swan Reefer I A/S respectfully requests that this Honorable Court bifurcate the trial of this matter into separate liability and damages phases.

                        Respectfully submitted,

                        RAWLE & HENDERSON, LLP

BY: _____
      Carl D. Buchholz, III, Esquire
      Michael P. Zipfel, Esquire
      Michael C. Gallagher, Esquire
      Attorney for Defendant,
      Swan Reefer I A/S

      The Widener Building
      One South Penn Square
      Philadelphia, PA 19107
      (215) 575-4200

Date: May 29, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN MANKUS | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-3425 |
| | : | |
| SWAN REEFER I A/S | : | |
|       Defendant. | : | |

**CERTIFICATE OF SERVICE**

    I do hereby certify that the foregoing Motion to Bifurcate Trial was served by First Class Mail, postage prepaid, to the following counsel of record:

> E. Alfred Smith, Esquire
> 1333 Race Street, 2nd Floor
> Philadelphia, PA 19107
> Attorney for Plaintiff
>
> Robert Fine
> Fine & Stoud
> 1333 Race Street
> Philadelphia, PA 19107
> Attorney for Plaintiff

 

                                                                        _____
                                                                       Carl D. Buchholz, III, Esquire

On this 29th day of May, 2003.

811775 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MANKUS | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-3425 |
| | : | |
| SWAN REEFER I A/S | : | |
|       Defendant. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2003 upon consideration of defendant's Motion to Bifurcate Trial and any response thereto, it is hereby ORDERED that the Motion is GRANTED and the issues of liability and damages will be severed for trial. All issues of liability will be tried to verdict and thereafter, if the plaintiff prevails with respect to liability, the damages issues will be tried to verdict.

BY THE COURT:

_____
J.

811775 v.1