UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
STEPHEN MANKUS                  :
                                :
            v.                  :    No. 02-3425
                                :
SWAN REEFER I, A.S.             :
_____
```

**ORDER**

AND NOW THIS          day of                    2003, upon consideration of Defendant's Motion and Plaintiff's Response thereto, it is hereby **ORDERED** that Defendant's Motion to Bifurcate Trial is **DENIED.**

                                        _____
                                                                    J.

```
                UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF PENNSYLVANIA
```

```
_____
STEPHEN MANKUS                     :
                                   :
         v.                        :    No. 02-3425
                                   :
SWAN REEFER I, A.S.                :
_____
```

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO BIFURCATE TRIAL**

Plaintiff objects to Defendant's Motion to Bifurcate Trial and in response to Defendant's Motion answers as follows:

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Admitted except that plaintiff does not consider the questions of liability to be unduly complicated and certainly not beyond the jury's ken.  The relationship between the shipowner and stevedore is not terribly difficult to visualize, and the concept of defendant's negligence is quite routine.  Defendant's negligence will be shown, in considerable part, by the testimony of its Master, which is as clear as a bell in its import.

5.  Denied.  Plaintiff does not believe the jury will become confused by the damages testimony.  This case is no different than any other negligence case, and bifurcation is

rarely, if ever, ordered in these circumstances.  There is no need to bifuricate this case either.

    6.    Denied.  Defendant offers no evidence to support its guesses, and it offers no compelling reason to distinguish this case from all of the other negligence cases which are not bifurcated.  Defendant's suggestion of prejudice is based on conjecture and speculation and not on anything which distinguishes this case from others.  It ignores the Court's charge to the jury that they are not to permit sympathy to influence their deliberations.

    7.    Admitted.

    8.    Plaintiff acknowledges that the bifurcation decision is within the sound discretion of the trial judge.

    9.    Denied.  Defendant is resorting to conjecture and speculation and offers nothing which distinguishes this case from others where bifurcation is never ordered.

    10.    Plaintiff is prejudiced because he wants to get this case resolved efficiently and promptly and sees no need for two opening speeches, two closing speeches, two charges by the Court and two jury deliberations.  It is an undue imposition on the jurors to extend the trial by several days for no valid reason other than defendant's vague and unjustified claims of "possible" prejudice.

    11.    Denied.  A bifurcated trial will increase the cost of this case to the government and unnecessarily inconvenience the

jurors by requiring them to stay and hear the case over a much longer period that otherwise.

WHEREFORE, plaintiff requests that the Court deny defendant's Motion to Bifurcate Trial.

                      E. ALFRED SMITH & ASSOCIATES

                      _____
                      E. Alfred Smith
                      1333 Race Street, 2nd Floor
                      Philadelphia, PA 19107
                      (215) 569-8422
                      Attorney for Plaintiff
                      Stephen Mankus

```
             UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF PENNSYLVANIA
```

```
_____
STEPHEN MANKUS                         :
                                       :
          v.                           :   No. 02-3425
                                       :
SWAN REEFER I, A.S.                    :
_____
```

**MEMORANDUM OF LAW**

I. **Facts**

The facts are generally as stated by defendant.

Plaintiff, however, disputes the assertion that the liability issues are "complicated" and difficult. The legal issues to be given to the jury are straightforward and certainly not beyond the jury's grasp. The damages issues are totally separate, and plaintiff believes that the jury will be able to handle them just as juries have been able to handle them in the past when negligence trial were not bifurcated, which is the rule. Defendant has set forth no facts to distinguish this case and justify an exception to the general rule against bifurcation.

II. **Legal Argument**

Plaintiff recognizes that F.R.Civ.P 42(2) governs bifurcation and that the issue is within the sound discretion of the Trial Court.

Defendant has set forth no facts to suggest that it will be prejudiced except some vague speculation that sympathy might interfere with the jury's consideration of the liability issue. Defendant fails to recognize that the Court will instruct the jury that it is not to be influenced by sympathy.  Defendant has no basis for its argument that the jury will ignore the Court's instruction on this point.

A single trial, without bifurcation, is the norm, and thousands of juries have returned fair and proper verdicts in cases which involved injuries far more serious than those suffered by this plaintiff.  It is manifestly unfair to the jurors to extend their stay and increase the cost to the government simply because defendant has a vague fear that the jurors will disregard the Court's instruction that sympathy is not to be a factor in their deliberations.

**Conclusion**

    Defendant has offered nothing to prove how it might be prejudiced, and plaintiff submits that defendant's Motion should be denied.

Respectfully,

E. ALFRED SMITH & ASSOCIATES

_____
E. Alfred Smith
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff
Stephen Mankus

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has, on this date, caused a true and correct copy of Plaintiff's Response to Defendant's Motion to Bifurcate Trial to be served by first class mail, postage prepaid, on the date listed below upon the following parties or counsel of record:

>A. Robert Degen, Esquire
>Fox, Rothschild, O'Brien and Frankel
>2000 Market Street, 10th Floor
>Philadelphia, PA 19103
>
>Carl D. Buchholz, III, Esquire
>Rawle & Henderson LLP
>The Widener Building
>One South Penn Square
>Philadelphia, PA 19107

>_____
>E. Alfred Smith
>Attorney for Plaintiff
>Stephen Mankus

Date: